# United States District Court
## for the Northern District of Oklahoma

Case No. 23-CR-288-JDR

United States of America,

*Plaintiff,*

*versus*

Kenyon Ray Vessell,

*Defendant.*

### OPINION AND ORDER

Before the Court is Defendant Kenyon Ray Vessell's Unopposed Motion to Continue Jury Trial, requesting that all dates be extended 60 days. Dkt. 23. The government does not object. The Court GRANTS the motion.

Section 3161(h)(7)(A) of the Speedy Trial Act governs the Court's decision. This section allows a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id.* The statute permits a court to consider whether "the failure to grant such a continuance … would deny counsel for the defendant … the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a

Case No. 23-CR-288-JDR

"rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007); *see also, United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009) (limiting the circumstances in which an ends of justice continuance can be granted and emphasizing that this should be a rarely used procedural tool). The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id.* at 1271. The parties must provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

Mr. Vessell is charged with Second Degree Murder in Indian Country and with Assault resulting in Serious Bodily Injury. The events in this case stem from a car accident, and the defense seeks to examine the cars involved in the accident as well as the "black boxes" from those cars. Based on the defense's filing [Dkt. 23], the parties do not know the location of these cars; the cars were "released" according to the Oklahoma Highway Patrol. The defense expert seeks additional time to find the cars, examine them, and obtain the contents of the "black boxes."

The parties' requested continuance is necessary to allow a defense expert to examine evidence directly related to the car accident that forms the basis of the charges in this case. Until the issues surrounding the location of the cars has been fully sorted, the parties are unable to prepare for trial and resolve an unusual and complex issue that parties believe is necessary to resolve before trial. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). The ends of justice will therefore be served by granting the brief continuance to July 2024 from the current trial setting of May 20, 2024.

IT IS THEREFORE ORDERED that Defendant Kenyon Ray Vessell's Unopposed Motion to Continue Jury Trial requesting that the trial

Case No. 23-CR-288-JDR

be adjourned from May 20, 2024, to July 8, 2024, is GRANTED. The jury trial set for May 20, 2024, is stricken. The following amended scheduling order will govern the case:

| | |
|---|---|
| Notices filed: | 5/31/2024 |

This includes all notices required by the Rules of Criminal Procedure and Evidence, including but not limited to, notices pursuant to Rule 16, 404(b), 412, 413, 414, or 609.

| | |
|---|---|
| Motions and objections to notices filed: | 6/7/2024 |
| Pretrial conference: | 6/24/2024 at 1:30 pm |
| Jury trial: | 7/8/2024 at 9:00 am |

All remaining deadlines are subject to the Court's Individual Rules of Practice for Criminal Cases.

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the pretrial docket call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the change of plea hearing.

Case No. 23-CR-288-JDR

IT IS FURTHER ORDERED that the time from May 20, 2024, inclusive, to July 8, 2024, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

IT IS FURTHER ORDERED that the defendant is to execute a waiver of speedy trial conforming to the new trial date.

DATED this 12th day of April 2024.

*JOHN D. RUSSELL*
*United States District Judge*